# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA M. FERREIRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:20-cv-00509-SAB<br><br>ORDER DENYING REQUEST TO PROCEED WITHOUT PREPAYMENT OF FEES WITHOUT PREJUDICE AND REQUIRING PLAINTIFF TO FILE SECOND LONG FORM APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR PAY FILING FEE<br><br>(ECF Nos. 3, 5)<br><br>TWENTY DAY DEADLINE |

On April 9, 2020, Plaintiff Cecilia M. Ferreira ("Plaintiff") filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 3.)  Upon review of the application, the Court found that the application was unclear, and therefore, the Court was unable to determine if Plaintiff is entitled to proceed without prepayment of fees in this action.  (ECF No. 4.)  Plaintiff was ordered to file a long form application within twenty days of April 10, 2020.[1]  (Id.)  More than twenty days later, on May 2, 2020, Plaintiff filed a long form application to proceed without prepayment of fees in this action.  (ECF No. 5.)  Again, Plaintiff's application is unclear and it also contradicts the prior application.  For example, Plaintiff states that she is

---

[1] In 2016, the Federal Rules of Civil Procedure were "amended to remove service by electronic means under Rule 5(b)(2)(E) from the modes of service that allow 3 added days to act after being served."  Advisory Committee Notes, 2016 Amendment, Fed. R. Civ. P. 6.

1

1 working less hours and receives $189 per week, but reports that her monthly income from
2 employment is only $400.  In the April 9, 2020 application, Plaintiff stated that her mortgage
3 payment was $1,500 and her monthly utilities were $200.  But in the May 5, 2020 application,
4 Plaintiff reports two mortgage payments of $1,600 and $1,500 and that her utilities are $800.
5 Further, Plaintiff's reported expenses appear to be very high.  She reports spending $200 per
6 month on clothing, $200 per month on laundry and dry cleaning, $600 per month on medical and
7 dental expenses, and $600 per month on transportation.  Finally, she lists "mother support" of
8 $20,000.  It is unclear what this refers to, but it is clear that given her reported income of $1,900
9 per month she is not providing $20,000 to support her mother each month.

10      What is clear from the application is that Plaintiff's income is well above the poverty
11 level which is what the Court considers in deciding whether a plaintiff is entitled to proceed
12 without prepayment of fees.  In order to proceed in court without prepayment of the filing fee,
13 Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give
14 security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a
15 civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's
16 Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th
17 Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right;
18 denial of *in forma pauperis* status does not violate the applicant's right to due process").  A
19 plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is
20 sufficient if it states that due to his poverty she is unable to pay the costs and still be able to
21 provide herself and her dependents with the necessities of life.  Adkins v. E.I. DuPont de
22 Nemours & Co., 335 U.S. 331, 339 (1948).  Whether to grant or deny an application to proceed
23 without prepayment of fees is an exercise of the district court's discretion.  Escobedo v.
24 Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

25      In assessing whether a certain income level meets the poverty threshold under Section
26 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department
27 of Health and Human Services.  See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL
28 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL

1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

Plaintiff states that next month she will be receiving at least $1,900 per month in income due to having reduced hours due to COVID 19.  Even using this reduced amount, Plaintiff's yearly income would be $22,800.  The 2020 Poverty Guidelines for the 48 contiguous states for a household of one is $12,760.  2020 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 4, 2020).  Based on the information provided, it appears that Plaintiff is not entitled to proceed without prepayment of fees in this action.

Plaintiff shall be granted one final opportunity to file a long form application to proceed without prepayment of fees.  Plaintiff is advised the she needs to clearly set forth her income and month expenses, and that pursuant to Rule 11 of the Federal Rules of Civil Procedure, by presenting a pleading, written motion, or other paper to the Court he is certifying that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. Proc. 11(b).  Rule 11 provides for the imposition of sanctions when the Court finds that the Rule has been violated.

Additionally, the Court notes that Plaintiff did not file her long form application within the time period required by the April 10, 2020 order.  Plaintiff must comply with the orders of this court, including the time period by which she is required to act.  If Plaintiff requires additional time to act then a request for an extension of time must be filed with the court.

Finally, counsel is advised that in filing a document with the electronic case filing system, he is to select the item title that most closely resembles the document filed.  Here, the application to proceed without prepayment of fees was filed as a reply.  In filing such

applications in the future, the item "Motion to Proceed In Forma Pauperis" should be selected.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 3, 5) are DENIED WITHOUT PREJUDICE;

2. The Clerk of the Court is directed to forward an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiff;

3. Within **twenty (20) days** of the date of this order, Plaintiff shall either (1) pay the $400.00 filing fee for this action, or (2) complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239; and

4. If Plaintiff fails to comply with this order, this action shall be dismissed for failure to pay the filing fee and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **May 4, 2020**

UNITED STATES MAGISTRATE JUDGE