# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA M. FERREIRA,<br><br>   Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Case No.  1:20-cv-000509-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN MATTER TO DISTRICT JUDGE<br><br>(ECF No. 7)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On April 8, 2020, Cecilia M. Ferreira ("Plaintiff") filed the complaint in this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant") denying her application for benefits under the Social Security Act.  (ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* without prepayment of the filing fee on the same day.  (ECF No. 3.)  The Court reviewed Plaintiff's application to proceed *in forma pauperis* and found that it appeared that Plaintiff was not entitled to proceed without prepayment of fees.  (ECF No. 4.)  Plaintiff was ordered to file a long form application to proceed without prepayment of fees.  (Id.)

On May 2, 2020, Plaintiff filed a long form application to proceed without prepayment of fees.  (ECF No. 5.)  Again, upon review of the application, the Court found that it did not appear

1

1 that Plaintiff was entitled to proceed in this action without prepayment of fees.  (ECF No. 6.)
2 Plaintiff was ordered to file a long form application or pay the filing fee.  (Id.)  Currently before
3 the Court is Plaintiff's second long form application to proceed in this action without prepayment
4 of fees filed on May 25, 2020.  (ECF No. 7.)

5       In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an
6 affidavit demonstrating that she "is unable to pay such fees or give security therefor."  28 U.S.C.
7 § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and
8 not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S.
9 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to
10 proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis*
11 status does not violate the applicant's right to due process").  A plaintiff need not be absolutely
12 destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his
13 poverty he is unable to pay the costs and still be able to provide himself and his dependents with
14 the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).
15 Whether to grant or deny an application to proceed without prepayment of fees is an exercise of
16 the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

17       As Plaintiff was previously advised in assessing whether a certain income level meets the
18 poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines
19 developed each year by the Department of Health and Human Services.  See, e.g., Paco v.
20 Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of
21 Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited
22 therein).  The 2020 Poverty Guidelines for the 48 contiguous states for a household of one is
23 $12,760.  2020 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 4,
24 2020). Based on the information provided, the Court finds that Plaintiff is not entitled to proceed
25 without prepayment of fees in this action.

26       On her application, Plaintiff has listed income of $4,478 per month which would be
27 $53,736 per year.  Even assuming that Plaintiff has made yet another error in completing the
28 form, her claimed total income of $2,478 per month is $29,736 per year which is more than

double the poverty level for a household of one.  Plaintiff's claimed expenses are less than her monthly income and she has $600.00 in her checking account.

Based on the current application, the court finds that Plaintiff has the ability to pay the filing fee in this action without being deprived of the necessities of life and is not entitled to proceed without prepayment of fees in this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed without prepayment of fees be denied and Plaintiff be ordered to pay the $400.00 filing fee in this action.

The Clerk of the Court is HEREBY DIRECTED to randomly assign this action to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 26, 2020**

UNITED STATES MAGISTRATE JUDGE